| | |
|---|---|
| DISABILITY RIGHTS NORTH CAROLINA,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>THE MOSES H. CONE MEMORIAL )<br>HOSPITAL OPERATING )<br>CORPORATION, d/b/a MOSES CONE )<br>HEALTH SYSTEM, d/b/a CONE )<br>HEALTH BEHAVIORAL HEALTH )<br>HOSPITAL,  )<br>)<br>Defendant  )<br>) | CIVIL ACTION NO. 1:11-cv-812 |

FIRST AMENDED COMPLAINT
_____

INTRODUCTION

1. Plaintiff, Disability Rights North Carolina ("DRNC"), brings this action for declaratory and injunctive relief pursuant to the Protection and Advocacy for Individuals with Mental Illness Act ("the PAIMI Act"), 42 U.S.C. § 10801 *et seq.* By this action, DRNC challenges the refusal of the defendant, the Moses H. Cone Memorial Hospital Operating Corporation ("Moses Cone"), to provide DRNC with records to which DRNC is legally entitled.

2. DRNC files this First Amended Complaint in order to correctly identify the corporate defendant. In response to Plaintiff's original Complaint, Moses Cone filed a Fed. R. Civ. P. 12(b)(4) Motion to Dismiss, claiming that Plaintiff had not sued the

correct corporate party. Therefore, pursuant to Fed. R. Civ. P. 15(a), Plaintiff files this First Amended Complaint as of right.

3. DRNC is the duly-designated state Protection and Advocacy System ("P&A") for individuals with disabilities. 42 U.S.C. § 10801(b). DRNC is entrusted, empowered and obligated to protect the civil rights of individuals with disabilities in the state of North Carolina. *Id.*; 29 U.S.C. 794e(a)(1); 42 U.S.C. § 15041.

4. As the state P&A, DRNC has the responsibility and authority to access records in the course of investigating allegations of abuse or neglect of individuals with mental illness. 42 U.S.C. §§ 10805, 10806.

5. DRNC has made repeated requests to Defendant for certain records that it is entitled to access under federal law. 42 U.S.C. § 10805(a)(1)(B); 42 C.F.R. § 51.42(b)(2).

6. The Defendant's refusal to produce the requested records prevents DRNC from fulfilling its statutory mandates of investigating allegations of abuse and neglect as well as providing protection and advocacy services for individuals with disabilities. By this action, DRNC seeks an order from this Court requiring Defendant to provide the requested information so that DRNC may discharge its statutory duties and investigate the alleged abuse and neglect, and subsequent death, of an individual with a disability.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Plaintiff's federal claim is made pursuant to the PAIMI Act, 42 U.S.C. § 10801 *et seq.* Declaratory and injunctive relief is authorized by 28 U.S.C. §§ 2201 & 2202.

8. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(c). As Defendant's principal place of business is located in this district, the Defendant is subject to personal jurisdiction in this district and is therefore deemed to reside in this district.

## PARTIES

9. Plaintiff DRNC, the P&A designated by the Governor of the State of North Carolina to provide protection and advocacy services to individuals with disabilities, is a "person" authorized to seek legal and equitable relief against organizations that deprive it of federally protected rights. DRNC, a non-profit corporation independent of state government, is incorporated in North Carolina and maintains its principal place of business in Raleigh, North Carolina.

10. DRNC receives federal funds pursuant to the PAIMI Act and is thereby obligated to provide protection and advocacy services for individuals with mental illness. Under the PAIMI Act, DRNC is also authorized to investigate suspected incidents of abuse and neglect and to pursue administrative, legal and other remedies on behalf of individuals with mental illness. In order to carry out its investigative functions, DRNC is granted the authority to have access to individuals with disabilities in the locations where

they receive services, and to have access to their medical and other records under certain conditions. 42 U.S.C. § 10806(b)(2); 42 C.F.R. § 51.41.

11. Defendant Moses Cone, doing business as Moses Cone Health System, is a healthcare provider system composed of multiple providers. In order to provide healthcare services in this state, Moses Cone must be licensed by the North Carolina Division of Health Service Regulation ("DHSR"). Moses Cone is identified in licensure documents maintained by DHSR as "Moses Cone Health System."

12. Moses Cone provides a range of services to individuals in Guilford County and surrounding counties, including in-patient psychiatric services at Cone Health Behavioral Health Hospital ("Behavioral Health Hospital") in Greensboro, North Carolina.

## FACTUAL ALLEGATIONS

13. On November 24, 2010, an individual with mental illness hereinafter referred to by his initials, "D.K.," died while a patient of Behavioral Health Hospital. D.K. had a diagnosis of schizoaffective disorder and had a history of declining to take his medication.

14. On November 22, 2010, D.K. set a fire in his hotel room. Law enforcement officials responded to the scene and transported D.K. to Wesley Long Community Hospital ("Wesley Long"), a facility owned and operated by Moses Cone. While at Wesley Long, D.K. was involuntarily committed for mental health treatment. D.K. was transferred to Behavioral Health Hospital, where he refused all medication and became

4

increasingly agitated. Immediately after administering a psychotropic medication to D.K. against his will, Behavioral Health Hospital staff held D.K. in a physical hold. D.K. struggled against the restraint then appeared to relax. Behavioral Health Hospital staff discovered that D.K. had shallow respirations and a low pulse. Despite efforts to revive him, D.K. died on November 24, 2010, approximately one hour after he was restrained. The medical examiner determined D.K.'s exertion against the restraint was a contributing factor in his death.

15. On or about January 10, 2011, DRNC received a report of D.K.'s death as part of its regular protection and advocacy activities, and pursuant to certain reporting requirements under State law. *See* N.C. Gen. Stat. § 122C-31(b), (d). DRNC determined that it had probable cause as defined in 42 C.F.R. § 51.2 to suspect that D.K.'s death was a result of abuse and/or neglect, thus meriting further investigation. Based upon this probable cause determination, DRNC initiated an investigation into D.K.'s death pursuant to its federal authority under the PAIMI Act.

16. On January 26, 2011, DRNC notified Moses Cone, in writing, that it would be investigating the allegations concerning the abuse and/or neglect, and subsequent death, of D.K. As part of that investigation, DRNC requested, in writing, a variety of documents, including D.K.'s treatment records and Moses Cone's internal investigation records. The request for internal investigation records included but was not limited to root cause analyses and other peer review records. The letter provided detail concerning the statutory basis for the request.

17.     On February 8, 2011, Moses Cone provided some of the requested records. Counsel for Moses Cone responded to the request for internal investigation reports, including root cause analyses, and, citing several legal privileges, refused to provide the requested documents to DRNC without a court order.

18.     On or around June 14, 2011, DRNC had a telephone discussion with counsel for Moses Cone regarding the request for the internal investigation reports.  DRNC again communicated its statutory authority to access the records and proposed a compromise in which DRNC would "borrow" the requested records and return them within a mutually agreed upon period of time.  Counsel for Moses Cone restated the Defendant's position and declined the compromise.  The parties were unable to reach an agreement regarding the requested documents.

19.     On August 19, 2011, after multiple unreturned telephone calls to Moses Cone, and in an effort to resolve the matter, DRNC amended its original request for records. DRNC requested, in writing, that Moses Cone provide it with the requested internal investigation reports with the exception of root cause analyses.

20.     On August 29, 2011, counsel for Moses Cone responded to the amended request and, citing several legal privileges, again refused to provide the requested documents to DRNC.  The letter reiterated Moses Cone's position that it would not release the requested records without a court order.

## CAUSE OF ACTION

21. Plaintiff adopts and restates the allegations set forth in paragraphs 1-20 of this complaint.

22. The PAIMI Act and its implementing regulations give DRNC, as North Carolina's designated P&A, the authority to investigate incidents of abuse and neglect of individuals with mental illness if the incidents are reported to the system or there is probable cause to believe the incidents occurred. 42 U.S.C. § 10805(a)(1)(A); 42 C.F.R. § 51.42(b).

23. The PAIMI Act and its implementing regulations give DRNC the authority to access all individual records of:

> any individual [with a mental illness] (including an individual who has died or whose whereabouts are unknown)--
>
> > a. who by reason of the mental or physical condition of such individual is unable to authorize the system to have such access;
> >
> > b. who does not have a legal guardian, conservator, or other legal representative, or for whom the legal guardian is the State; and
> >
> > c. with respect to whom a complaint has been received by the system or with respect to whom… there is probable cause to

7

> believe that such individual has been subject to abuse or neglect.

42 U.S.C. § 10805(a)(4)(B); 42 C.F.R. § 51.42(b)(2).

24. D.K. is an individual with mental illness who has died and is therefore unable to authorize DRNC to access his records. During his life, the Guilford County Department of Social Services, a division of the State of North Carolina, acted as D.K.'s guardian. DRNC has received a complaint regarding D.K.'s death and has determined that there is probable cause to believe that D.K. was subjected to abuse and/or neglect. Therefore, DRNC is entitled to access D.K.'s records pursuant to the authority granted by the PAIMI Act.

25. The implementing regulations to the PAIMI Act define individual records to include "[r]eports prepared by an agency charged with investigating abuse, neglect, or injury occurring at a facility rendering care or treatment, or by or for the facility itself" that describe abuse, neglect or injury occurring at the facility, the steps taken to investigate such incidents, and supporting information relied upon in creating the report. 42 C.F.R. § 51.41(c)(2).

26. Moses Cone is charged with investigating allegations of abuse and/or neglect under both federal and state law. 42 C.F.R. § 482.13(a)(2); N.C. Gen. Stat. § 131E-256(g). Therefore, any reports or documents generated during Moses Cone's investigation of D.K.'s death are considered records to which DRNC is entitled by the PAIMI Act.

8

Case 1:11-cv-00812-WO-LPA   Document 10   Filed 11/18/11   Page 8 of 11

27. The implementing regulations to the PAIMI Act further define individual records to include "[r]eports prepared by individuals and entities performing certification or licensure reviews, or by professional accreditation organizations, as well as related assessments prepared for the facility… except that nothing in this section is intended to preempt State law protecting records produced by medical care evaluation or peer review committees." 42 C.F.R. § 51.41(c)(4).

28. The accreditation standards of The Joint Commission require Moses Cone to investigate the death of patients in its care. Any reports prepared by Moses Cone in such investigation are individual records to which DRNC is entitled.

29. State law protects root cause analyses and peer review records from certain instances of disclosure, as these materials "shall not be subject to discovery or introduction into evidence in any civil action against a hospital." N.C. Gen. Stat. § 131E-95(b); *see also id.* § 122C-30(2). However, DRNC seeks access to such records for the sole purpose of fulfilling its statutory obligation to investigate allegations of abuse and/or neglect. Therefore, the regulations to the PAIMI Act are not in conflict with state law protecting such records, and disclosure of such records to DRNC is not prohibited.

30. By refusing DRNC's written and oral requests for access to internal investigation records, including root cause analyses and other peer review records, Moses Cone has violated DRNC's statutory rights under the PAIMI Act, 42 U.S.C. § 10801 *et seq.* and the regulations promulgated pursuant to it, 42 C.F.R. § 51.1 *et seq.*

31. Moses Cone's violation of the PAIMI Act irreparably harms DRNC by preventing it from carrying out its responsibilities under the Act.

32. Unless Moses Cone is enjoined to provide DRNC the access required by the PAIMI Act, DRNC will continue to be irreparably harmed and will be unable to protect and advocate for persons with disabilities.

## INJUNCTIVE RELIEF

33. Plaintiff adopts and restates the allegations set forth in paragraphs 1-32 of this complaint.

34. As a proximate result of Moses Cone's violation of the PAIMI Act, DRNC has suffered, and will continue to suffer, irreparable harm for which there is no remedy at law.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

1. Enter a declaratory judgment that Defendant's refusal to provide the requested records violates the PAIMI Act;

2. Enter preliminary and thereafter permanent injunctive relief requiring the Defendant to provide Disability Rights NC with access to the requested internal investigation records, including root cause analyses and other peer review records;

3. Retain jurisdiction over this action to ensure Defendant's compliance with the mandates of the PAIMI Act; and

4. Such other, further or different relief as the Court deems equitable and just.

Dated: November 18, 2011 Respectfully submitted,

/s/ John R. Rittelmeyer
John R. Rittelmeyer
john.rittelmeyer@disabilityrightsnc.org
N.C. State Bar No. 17204

/s/ Kristine L. Sullivan
Kristine L. Sullivan
kristine.sullivan@disabilityrightsnc.org
N.C. State Bar No. 35595

DISABILITY RIGHTS NC
2626 Glenwood Avenue, Suite 550
Raleigh, NC 27608
Phone: (919) 856-2195
Fax: (919) 856-2244
*Attorneys for Plaintiff*