UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF NORTH CAROLINA
No. 1:11-cv-812

| | |
|---|---|
| DISABILITY RIGHTS NORTH CAROLINA, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) | 
| THE MOSES H. CONE MEMORIAL HOSPITAL OPERATING CORPORATION, d/b/a MOSES CONE HEALTH SYSTEM, d/b/a CONE HEALTH BEHAVIORAL HEALTH HOSPITAL, | ) ) ) ) ) ) ) |
| Defendant | ) ) |

PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS

_____

Pursuant to Local Rule 7.3(e), Plaintiff files this Memorandum in Support of Plaintiff's Motion for Judgment on the Pleadings.

## INTRODUCTION AND PROCEDURAL HISTORY

Plaintiff, Disability Rights North Carolina ("DRNC"), brought this action for declaratory and injunctive relief pursuant to the Protection and Advocacy for Individuals with Mental Illness Act ("the PAIMI Act"). 42 U.S.C. § 10801 *et seq.* By this action, DRNC challenges the refusal of the Moses H. Cone Memorial Hospital Operating Corporation ("Cone Health") to provide DRNC with records to which DRNC is legally entitled. DRNC seeks internal investigation records, including but not limited to root cause analyses and other peer review records, regarding Cone Health's review of the death of D.K. on November 24, 2010.

On November 14, 2011, Cone Health filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(4) (for failure to name the proper defendant) and 12(b)(6) (for failure to state a claim) (Doc. 7). DRNC filed a First Amended Complaint on November 18, 2011 that properly identified Defendant (Doc. 10). Cone Health renewed its Motion to Dismiss on December 19, 2011 (Doc. 14). On January 17, 2013, the Court denied both the Motion to Dismiss and the Motion to Dismiss Amended Complaint (Doc. 17).

Cone Health filed and served its Answer on January 31, 2013 (Doc. 18). In it, Cone Health admits all issues of material fact – that DRNC requested internal investigation records and peer review records, and that Cone Health refused to provide DRNC with such records. The Answer asserts Defendant's First Affirmative Defense, that Plaintiff has "fails to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure." The Answer further asserts Defendant's Second Affirmative Defense, that the regulations to the PAIMI Act and North Carolina law specifically protect the requested records "as privileged documents not subject to Plaintiff's review."

### **STANDARD OF REVIEW: FED RULE of CIVIL PROCEDURE 12(c)**

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is analyzed under the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6). See Independence News, Inc. v. City of Charlotte, 568

2

F.3d 148, 154 (4th Cir. 2009). The party moving for judgment on the pleadings must demonstrate that, when viewed in the light most favorable to the non-moving party, there are no disputed issues of material fact and the case may be decided as a matter of law. See Smith v. McDonald, 562 F. Supp. 829, 842 (M.D.N.C. 1983), aff'd, 737 F.2d 427 (4th Cir. 1984).

**ARGUMENT**

**I. There is no genuine issue of material fact in the present case.**

In its answer, Cone Health admits all facts that are material to the disposition of this case. Cone Health admits that it operates Cone Health Behavioral Health Hospital ("Behavioral Health Hospital"). (Ans. ¶ 12.) Cone Health further admits that D.K., an individual with mental illness, became a patient of Behavioral Health Hospital on November 22, 2010, and died there on November 24, 2010. (Id. at ¶¶ 13-14.) Cone Health admits that DRNC requested internal investigation and peer review records related to the death of D.K., and that Cone Health declined to provide DRNC with these records. (Id. at ¶¶ 16-20.)

Cone Health denied some facts alleged in DRNC's complaint, however none of these facts are material to resolution of this dispute. For example, in paragraph 14 of the First Amended Complaint, DRNC asserted that D.K. was admitted to the Behavioral Health Hospital after he set a fire in his hotel room. In paragraph 14 of its Answer, Cone Health denied this based on a lack of sufficient information to form a belief about the veracity of the allegation. Whether D.K. set a fire in his hotel room is immaterial to the

controversy before the Court: whether DRNC is entitled to access the internal investigation and peer review records sought.

## II. Plaintiff is entitled to judgment as a matter of law.

DRNC asserts that Cone Health has refused to disclose peer review records to which it is entitled access pursuant to the PAIMI Act. In denying Defendant's Motion to Dismiss Amended Complaint, the Court found that DRNC had appropriately stated its claims for declaratory and injunctive relief. As neither affirmative defense raised by Defendant is availing, and both were previously rejected by this Court, DRNC is entitled to judgment in its favor as a matter of law.

## III. Defendant's First Affirmative Defense does not prevent Plaintiff from prevailing on its claim.

Cone Health asserts that DRNC failed to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court previously disposed of this defense in its Order Denying Defendant's Motion to Dismiss. Rather than brief this issue again, Plaintiff hereby incorporates by reference, as if set forth fully herein, its Memorandum in Opposition to Defendant's Motion to Dismiss First Amended Complaint (Doc. 16) and the Order Denying Defendant's Motion to Dismiss (Doc. 17).

## IV. Defendant's Second Affirmative Defense does not prevent Plaintiff from prevailing on its claim.

Cone Health asserts that DRNC is prevented from accessing the requested records, as the regulations to the PAIMI Act and North Carolina statute protect the records as privileged. In its Order Denying Defendant's Motion to Dismiss, the Court rejected the Defendant's argument. Instead, the Court adopted the reasoning of the Second, Third, Seventh, Eighth and Tenth Circuit Courts of Appeal and found that the PAIMI Act authorizes DRNC to access peer review records. Again, Plaintiff hereby incorporates by reference, as if set forth fully herein, its Memorandum in Opposition to Defendant's Motion to Dismiss First Amended Complaint (Doc. 16) and the Order Denying Defendant's Motion to Dismiss (Doc. 17).

## **CONCLUSIONS**

There is no need for the parties or the Court to expend any additional resources on this dispute, as all material issues in the case have been briefed and resolved in the Court's previous Order. Plaintiff has met its burden of showing that it is entitled to judgment on the pleadings. As such, Plaintiff requests the Court grant judgment in its favor.

Dated:  February 7, 2013               Respectfully submitted,

<div style="margin-left: 3em;">

/s/ John R. Rittelmeyer
John R. Rittelmeyer
john.rittelmeyer@disabilityrightsnc.org
N.C. State Bar No. 17204

/s/ Kristine L. Sullivan
Kristine L. Sullivan
kristine.sullivan@disabilityrightsnc.org
N.C. State Bar No. 35595

DISABILITY RIGHTS NC
2626 Glenwood Avenue, Suite 550
Raleigh, NC  27608
Phone: (919) 856-2195
Fax: (919) 856-2244
*Attorneys for Plaintiff*

</div>

## Certificate of Service

The undersigned hereby certifies that on February 7, 2013, I electronically filed the foregoing Memorandum in Support of Plaintiff's Motion for Judgment on the Pleadings with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Maureen Demarest Murray
maureen.murray@smithmoorelaw.com

Allyson Jones Labban
allyson.labban@smithmoorelaw.com

Respectfully submitted,

/s/ John R. Rittelmeyer
John R. Rittelmeyer
DISABILITY RIGHTS NC
2626 Glenwood Avenue, Suite 550
Raleigh, NC 27608
Phone: (919) 856-2195
Fax: (919) 856-2244
john.rittelmeyer@disabilityrightsnc.org